IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -2 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02558-BNB

RONALD RICHARDSON, on Behalf of Himself and All Others (Now and in the Future Will Be) Similarly Situated,

    Plaintiff,

v.

GRAYSON ROBINSON, Sheriff, Arapahoe County Detention Facility,
UNKNOWN REPRESENTATIVE, Arapahoe County Justice Coordinating Committee,
UNKNOWN REPRESENTATIVE, Arapahoe County Board of Commissioner,
DOUGLAS K. WILSON, State Public Defendant, Arapahoe County Public Defendant Office,
(These Defendants are Sued Jointly and Severally in Their Official and/or Individual Capacities),

    Defendants.

---

ORDER DENYING CLASS CERTIFICATION AND PERMISSIVE JOINDER, DENYING MOTION FOR REMOVAL AND MOTION TO DISMISS AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

---

This matter is before the Court on Plaintiff Ronald Richardson's Motion for Class Certification (Doc. # 11), Motion to Dismiss Party (Doc. # 12), Motion for Removal and Consolidation (Doc. # 18), and Notices of Joinder filed by Lucas Burris (Doc. # 13), Joshua A. Clark (Doc. # 14) and Simon Welch (Doc. # 16).

Mr. Richardson is in the custody of the Arapahoe County Sheriff's Department and is currently incarcerated at the Arapahoe County Detention Facility (ACDF) in Centennial, Colorado. Mr. Richardson initiated this action by filing *pro se* an "Affidavit by Pre Trial Detainee," a "Notice of Jointer," a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. By order dated

October 20, 2010, Magistrate Judge Boyd N. Boland directed the Clerk fo the Court to commence a civil action, and ordered Plaintiff to cure certain deficiencies if he wished to pursue his claims in this action. Specifically, Magistrate Judge Boland directed Mr. Richardson to file a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing and a complete Complaint on the court-approved form.

Mr. Richardson filed an Amended Complaint and a certified copy of his prisoner's trust fund statement on November 1, 2010. He asserts two claims in the Amended Complaint. In his first claim, Mr. Richardson alleges that pre-trial detainees at ACDF are held in custody for eight months to two years before their criminal matters proceed to trial. Amended Complaint at 5. Mr. Richardson alleges that this delay violates his First and Fourteenth Amendment rights. *Id.* In his second claim, Mr. Richardson asserts that the conditions of confinement at ACDF are intolerable. *Id.* at 6-8. He alleges, *inter alia*, that the cells are over-crowded and extremely cold in the winter, that the facility is understaffed, that there are high levels of carbon monoxide, and that the plumbing and ventilation systems are inadequate and poorly maintained. *Id.* Mr. Richardson seeks damages in addition to injunctive relief. *Id.* at 11. Mr. Richardson will be granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee. However, there are several motions pending that the Court must also address at this time.

First, Mr. Richardson filed a *pro se* Motion for Class Certification on November 1, 2010. In the Motion, he requests that the Court grant class certification pursuant to

Federal Rule Civil Procedure 23 for "all of the pretrial detainees . . . who are now in or in the future will be similarly situated at ACDF." Motion at 1.

A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. See 7A Wright, Miller & Kane, **Federal Practice and Procedure** Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); see also **Oxendine v. Williams**, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class). The Tenth Circuit has held that while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. See **Fymbo v. State Farm Fire & Cas. Co.**, 213 F.3d 1320, 1321 (10th Cir. 2000); see also **Caputo v. Fauver**, 800 F.Supp. 168, 170 (D.N.J. 1992) (holding that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action")(citations omitted). The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience, which severely restricts their ability to investigate class claims and contact class members.

In addition, Mr. Richardson seeks injunctive relief in this action, in the form of his requests that the ACDF be enjoined from housing three prisoners in a single cell, that the ventilation and plumbing system at ACDF be improved, that ACDF increase the

number of shower stalls available to the inmates, and that ACDF inmates be allowed to have contact visits with their family members. See Amended Complaint 11-12. Therefore, as the Amended Complaint could be construed as seeking relief that would benefit all inmates similarly situated, and as the relief would have the same effect whether the class is certified or not, the Amended Complaint eliminates the need for class certification. That is, "[w]here the very nature of the rights [sought to be vindicated] requires that the decree run to the benefit not only of the named plaintiffs but also for all persons similarly situated . . . then it is unnecessary to determine whether a class action is proper." *Cook v. Luckett*, 575 F.Supp. 485, 489 (S.D. Miss.1983), *judgment vacated on other grounds*, 735 F.2d 912 (5th Cir.1984); *Hickson v. Burkhart*, 110 F.R.D. 177, 178 (S.D.W.Va.1986) (holding that class certification was unnecessary in action brought by inmate where the relief would "inure to the benefit of all inmates similarly situated"); *Whalen v. Wiley*, 2007 WL 433340 at *1 (D. Colo. Feb. 1, 2007) (unpublished decision) (noting that "to the extent that Plaintiff seeks relief that would inure to the benefit of all inmates similarly situated, class certification may not be necessary."). Accordingly, the Court concludes that certification pursuant to Federal Rule of Civil Procedure 23 is not appropriate or necessary, and the Motion for Class Certification will be denied.

Second, "Notices of Joinder" were filed on November 1, 2010, by three inmates at ACDF, Lucas Burris, Joshua A. Clark and Simon Welch. Mr. Burris, Mr. Clark and Mr. Welch state that they "have read the prisoner complaint . . . [are] similarly situated and hereby request [to] be allowed to join this action as a member of the class." The

Court will construe the Notices of Joinder as Motions for Joinder. Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party. Therefore, the Court, for the following reasons, will deny the motions for joinder in this action and allow Mr. Burris, Mr. Clark and Mr. Welch to initiate new and separate actions, if they choose.

Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1). *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916 at *5 (D. N.J. June 23, 2008) (unpublished opinion) (collecting cases). Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult. *Id.* It is not clear whether this will be a factor here, as Mr. Burris, Mr. Clark and Mr. Welch allege that they are currently incarcerated at ACDF, along with Mr. Richardson. Even so, prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same situation as non-prisoner joint plaintiffs. Coordination would be difficult in view of restrictions on interpersonal communication

5

within a prison facility and restrictions on inmate-to-inmate communications among prison facilities. *See generally Shaw v. Murphy*, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates). Obtaining signatures from all Plaintiffs can be difficult when all Plaintiffs are housed in the same prison facility, but prison populations are notably transitory. Inmates are frequently released or transferred, not to mention relocated within a prison itself. For legitimate security reasons, institutional rules may prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult. *See Turner v. Safley*, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

Based on the above, the Court will deny the motions for joinder, and permit Mr. Burris, Mr. Clark and Mr. Welch to initiate new and separate actions, if they choose. If Mr. Burris, Mr. Clark and Mr. Welch wish to pursue their claims, each may initiate a separate action by filing a Prisoner Complaint on the Court-approved form and either by paying the $350.00 filing fee or submitting a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form. Each separate action will be subject to the preliminary screening requirements of D.C.COLO.LCivR 8.2, and the Plaintiff in each separate action will be required to cure any deficiency in his filings.

Third, Mr. Richardson filed a Motion for Removal and Consolidation on November 12, 2010. In the Motion, Mr. Richardson requests that the Court "grant [his]

request for removal (i.e. of this constitutional question from state court), and consolidation under the above captioned cause." While difficult to understand, Plaintiff appears to assert in the Motion that he is having difficulty obtaining a certified copy of his prisoner's trust fund statement from the officials at ACDF, and that this issue is the "constitutional question" which he seeks to "remove" from state court. There are numerous problems with this motion. First, Mr. Richardson has not provided any information regarding any action currently pending in state court, and it is not clear that one exists. Second, only defendants may remove an action from state court. *See* 28 U.S.C. § 1446(a). Third, Mr. Richardson fails to set forth in the motion for removal "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Finally, the Court notes that Mr. Richardson provided a certified copy of his prisoner's trust fund statement to the Court on November 1, 2010, in conjunction with his Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Therefore, the Court can find no grounds to justify the Motion for Removal and Consolidation, and it will be denied.

Fourth, on November 1, 2010, Mr. Richardson filed a Motion to Dismiss Party, requesting that the City of Greenwood Village and Mayor Nancy N. Sharpe be dismissed as parties to this action. Also on November 1, 2010, he filed an Amended Complaint that does not name either the City of Greenwood Village or Mayor Nancy N. Sharpe as parties to this action. "[A]n amended complaint supercedes the original complaint and renders the original complaint without legal effect." ***Mink v. Suthers***,

482 F.3d 1244, 1254 (10th Cir. 2007). Therefore, because Mr. Richardson has not named the City of Greenwood Village or Mayor Nancy N. Sharpe as defendants in the Amended Complaint, they are no longer parties to this action, and the Motion to Dismiss will be denied as moot.

Finally, Mr. Richardson has filed a *pro se* Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be granted. Based on the information about his financial status, the Court finds that Mr. Richardson is unable to pay an initial partial filing fee pursuant to § 1915(b)(1).

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Mr. Richardson may proceed in this action without payment of an initial partial filing fee. However, although he need not pay an initial partial filing fee, Mr. Richardson remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this order. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on November 1, 2010 (Doc. # 10), is GRANTED. It

is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on October 15, 2010 (Doc. # 1), is DENIED as moot. It is

FURTHER ORDERED that Plaintiff's "Motion for Class Certification" filed on November 1, 2010 (Doc. # 11) is DENIED. It is

FURTHER ORDERED that Plaintiff's "Motion to Dismiss Party" filed on November 1, 2010 (Doc. # 12) is DENIED as moot. It is

FURTHER ORDERED that the Notices of Joinder filed by Lucas Burris (Doc. # 13), Joshua A. Clark (Doc. # 14) and Simon Welch (Doc. # 16) are construed as motions for joinder and are DENIED. It is

FURTHER ORDERED that Plaintiff's "Motion for Removal and Consolidation," filed on November 12, 2010 (Doc. # 18) is DENIED.

FURTHER ORDERED that Mr. Richardson may proceed in this action without payment of an initial partial filing fee. Mr. Richardson remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Mr. Richardson shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Richardson is directed to make the necessary arrangements to have the monthly payments identified by the civil

action number on this order. In order to show cause, Mr. Richardson must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Richardson fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the court.

DATED at Denver, Colorado, this 1st day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02558-BNB

Ronald Richardson
Prisoner No.  0910886
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

      I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/2/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk