FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -8 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02558-BNB

RONALD RICHARDSON, on Behalf of Himself and All Others (Now and in the Future Will Be) Similarly Situated,

    Plaintiff,

v.

GRAYSON ROBINSON, Sheriff, Arapahoe County Detention Facility,
UNKNOWN REPRESENTATIVE, Arapahoe County Justice Coordinating Committee,
UNKNOWN REPRESENTATIVE, Arapahoe County Board of Commissioner,
DOUGLAS K. WILSON, State Public Defender, Arapahoe County Public Defender Office,
(These Defendants are Sued Jointly and Severally in Their Official and/or Individual Capacities),

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Ronald Richardson, is a pre-trial detainee in the custody of the Arapahoe County Sheriff's Department and is currently incarcerated at the Arapahoe County Detention Facility (ACDF) in Centennial, Colorado. Mr. Richardson initiated this action by filing *pro se* an "Affidavit by Pre Trial Detainee," a "Notice of Jointer," a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. He amended his Complaint by filing it on the court-approved form on November 1, 2010. Mr. Richardson has been granted leave to proceed *in forma pauperis*.

The Court will construe the amended complaint liberally because Mr. Richardson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the amended complaint and has determined that it is deficient. For the reasons discussed below, Mr. Richardson will be directed to file a second amended complaint.

In the amended complaint, which is filed pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, Mr. Richardson asserts two claims for relief. In his first claim, he asserts that Defendant Douglas K. Wilson, the Arapahoe County Public Defender, has refused to take measures to remedy the backlog of criminal cases in his office, which has caused "inordinate delay" for pre-trial detainees like Mr. Richardson. Amended Complaint at 5. In his second claim, Mr. Richardson asserts that the conditions of confinement at ACDF are intolerable. *Id.* at 6-8. He alleges, *inter alia*, that the cells are over-crowded and extremely cold in the winter, the facility is understaffed, there are high levels of carbon monoxide, and the plumbing and ventilation systems are inadequate and poorly maintained. *Id.* Mr. Richardson seeks damages in addition to injunctive relief. *Id.* at 11.

With respect to Mr. Richardson's claims against Defendant Douglas K. Wilson, Arapahoe County Public Defender, a plaintiff claiming a violation of § 1983 must allege facts demonstrating that the defendant acted under color of state law. *See Maestas v.*

*Lujan*, 351 F.3d 1001, 1012 n.1 (10th Cir. 2003). However, the Supreme Court has determined that a public defender, even if responsible for a deprivation of a defendant's constitutional rights, "does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 330 n. 6 (1983). Therefore, Defendant Douglas K. Wilson is an improper party to this action, because Mr. Richardson has not alleged facts demonstrating that this defendant acted under color of state law. *See Maestas*, 351 F.3d at 1012 n.1.

The amended complaint suffers from other deficiencies. Mr. Richardson fails to allege the personal participation of each named defendant. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Richardson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant, such as Sheriff Grayson Robinson, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Richardson is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. Richardson]

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Richardson file **within thirty days from the date of this Order** a second amended complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Richardson, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the second amended complaint. It is

FURTHER ORDERED that if Mr. Richardson fails to file a second amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED December 8, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02558-BNB

Ronald Richardson
Prisoner No. 0910886
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER two copies of the Prisoner Complaint form** to the above-named individuals on December 8, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk