F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02558-BNB

RONALD RICHARDSON, on Behalf of Himself and All Others (Now and in the Future
    Will Be) Similarly Situated,

        Plaintiff,

v.

GRAYSON ROBINSON, Sheriff, Arapahoe County Detention Facility,
UNKNOWN REPRESENTATIVE, Arapahoe County Justice Coordinating Committee,
UNKNOWN REPRESENTATIVE, Arapahoe County Board of Commissioner,
DOUGLAS K. WILSON, State Public Defendant, Arapahoe County Public Defendant
Office,
(These Defendants are Sued Jointly and Severally in Their Official and/or Individual
Capacities),

        Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Ronald Richardson, has filed *pro se* on December 16, 2010, a "Motion

for Reconsideration of Request for Class Certification w/ Joint Request for the

Appointment of Counsel." Plaintiff asks the Court to reconsider the Court's order filed in

this action on December 2, 2010. In that order, the Court denied Plaintiff's motion for

class certification, denied three motions for joinder filed by three other inmates, denied

Plaintiff's motion for removal and consolidation, and granted Plaintiff leave to proceed

*in forma pauperis.* Also, on December 8, 2010, Magistrate Judge Boyd N. Boland

entered an order directing Plaintiff to file a second amended complaint.

In the motion to reconsider filed on December 16, Plaintiff asks the Court to

reconsider the decision not to grant class certification. Plaintiff also asks the Court to

appoint counsel to represent the potential class.  Plaintiff states that he "is concerned about the underline [sic] issue of mootness of their valid claims if the proposed class are denied certification as a class."  Motion to Reconsider at 2.

The Court must construe the motion to reconsider liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion to reconsider will be denied.

The Court denied Plaintiff's motion for class certification after concluding that certification pursuant to Federal Rule of Civil Procedure 23 was neither necessary or appropriate in this case.  The Court noted the logistical and administrative constraints *pro se* inmate litigants experience, which severely restricts their ability to investigate class claims and contact class members.  The Court also noted that Mr. Richardson seeks injunctive relief in this action, in the form of his requests that the ACDF be enjoined from housing three prisoners in a single cell, that the ventilation and plumbing system at ACDF be improved, that ACDF increase the number of shower stalls available to the inmates, and that ACDF inmates be allowed to have contact visits with their family members.  *See* Amended Complaint 11-12.  Therefore, because the Amended Complaint could be construed as seeking relief that would benefit all inmates similarly situated, and because the relief would have the same effect whether the class is certified or not, the Court found that the Amended Complaint eliminates the need for class certification. This is because, "[w]here the very nature of the rights [sought to be vindicated] requires that the decree run to the benefit not only of the named plaintiffs

2

but also for all persons similarly situated . . . then it is unnecessary to determine whether a class action is proper." **Cook v. Luckett**, 575 F.Supp. 485, 489 (S.D. Miss.1983), **judgment vacated on other grounds**, 735 F.2d 912 (5th Cir.1984); **see also Hickson v. Burkhart**, 110 F.R.D. 177, 178 (S.D.W.Va.1986) (holding that class certification was unnecessary in action brought by inmate where the relief would "inure to the benefit of all inmates similarly situated"); **Whalen v. Wiley**, 2007 WL 433340 at *1 (D. Colo. Feb. 1, 2007) (unpublished decision) (noting that "to the extent that Plaintiff seeks relief that would inure to the benefit of all inmates similarly situated, class certification may not be necessary.").

It is not clear why Plaintiff believes that there is an underlying "issue of mootness" with respect to the Court's decision to deny class certification. As a result, after again reviewing the Amended Complaint and the record in this case, the Court remains convinced that class certification is not appropriate here. Therefore, the motion to reconsider will be denied. Plaintiff's request for appointment of counsel to represent the potential class will also be denied. Accordingly, it is

ORDERED that Plaintiff's "Motion for Reconsideration of Request for Class Certification w/ Joint Request for the Appointment of Counsel," filed on December 16, 2010, is denied. It is

FURTHER ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to file a second amended complaint as directed in the order filed in this action on December 8, 2010.

DATED at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02558-BNB

Ronald Richardson
Prisoner No.  0910886
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918


      I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 6, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
                 Deputy Clerk